# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50337
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2020

Lyle W. Cayce
Clerk

SARA L. ROBERTS,

     Plaintiff - Appellee

v.

BRINKERHOFF INSPECTION, INCORPORATED, doing business as
SMOB,

     Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:16-CV-342

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Plaintiff Sara Roberts sued her former employer, SMOB, for quid pro quo sexual harassment, sexual discrimination, and pregnancy discrimination after SMOB fired her four days into her job. SMOB argued that it fired her because she was a poor salesperson, because SMOB had received several customer complaints about her, because she missed two days of work, and because she

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had a poor demeanor and attitude with her coworkers and superiors. After a two-day trial, a jury found in Roberts's favor. SMOB moved for a new trial, but the district court denied the motion. SMOB appealed.

SMOB raises one argument on appeal. It argues that the district court erred when it sustained one of Roberts's objections. This error, SMOB claims, affected its right to a fair trial. SMOB had asked a witness, SMOB's president, to read what his Equal Employment Opportunity Commission statement said about why he fired Roberts. Her counsel objected, and the court sustained the objection, reasoning that this part of the statement—relaying that two clients had complained about Roberts's behavior—was hearsay. The court reversed its ruling later that day after realizing that the EEOC statement was Roberts's own exhibit and was pre-admitted without objection. The court then allowed SMOB to present the statement the following day, though the court told SMOB that presenting the evidence through a witness would be better so as not to "compound the error by . . . making a bigger deal out of it than you would have made at the time that you were questioning your witness."

SMOB claims that this denied it a fair trial. It argues that the court's ruling prejudiced SMOB by preventing it from presenting its defense narrative in a logical, cogent manner; meanwhile, the court allowed Roberts to present her narrative uninterrupted. It claims that, though the court allowed SMOB to present the evidence the next day, the damage was already done. SMOB's president had to fly out of the area, so SMOB had to introduce the evidence through a different witness, which was less effective.

We review evidentiary rulings for abuse of discretion. *Gabriel v. City of Plano*, 202 F.3d 741, 745 (5th Cir. 2000). If the court abused its discretion, we reverse its judgment only when the ruling affects a party's substantial rights. *Id.* A ruling so affects a party's rights when, considering all the evidence at trial, the ruling substantially affected the trial's outcome. *U.S. Bank Nat'l*

No. 19-50337

*Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 430 (5th Cir. 2014). But if the error was harmless, it is excused. *Id.*

SMOB is right that the district court erred in preventing SMOB's president from reading from his EEOC statement. But the court corrected its error, rendering the error harmless. *See id.* SMOB complains that the court's erroneous evidentiary ruling disrupted how SMOB presented its case to the jury. Maybe so, but SMOB does not even attempt to explain how, *considering all the evidence at trial*, this disruption affected the outcome. *See id.* SMOB does not confront any of the evidence against it, let alone explain how a slight disruption in how it would have preferred to present this one piece of evidence substantially affected the outcome. For example, SMOB does not address Roberts's claim that SMOB offered inconsistent reasons for firing her (first financial reasons, then behavioral and performance ones), her allegations that the personnel manager who hired her asked if she was pregnant during her interview and made advances on her (flirting with her and telling her she was good looking and that they were going to date), the odd manner in which he recruited her (he met and recruited her for a sales job while she was waitressing at a bar), the suspicious timing of her firing (one day after the personnel manager found out that she had just gotten married), or her allegations that her absences from work were approved by her supervisors.

The court's ruling affected when the jury heard SMOB's evidence, not whether the jury heard it. Considering all the evidence, we find it highly unlikely that this slight delay in presenting one of SMOB's alleged reasons for firing Roberts had any effect on the trial's outcome. Moreover, though SMOB complains that it was unable to introduce this evidence through its preferred witness, the court did not prevent SMOB from recalling its witness. He was allegedly unavailable the next day, but that was not the court's fault. Trials can be unpredictable; witnesses are sometimes needed longer than originally

3

anticipated. SMOB cites no authority stating that such a situation warrants a new trial. In any event, considering all the evidence, we find it unlikely that *who* read the EEOC statement had any effect on the trial's outcome.

Finally, SMOB claims that, because the court instructed the jury to disregard questions and exhibits to which the court sustained objections, the jury might have disregarded the EEOC statement. We also find this unlikely. The jury was read the previously disallowed portion of the EEOC statement and then heard testimony on that exhibit, which was admitted and available to the jury during its deliberations. SMOB offers no convincing reason to think that the jury was confused about what evidence it could consider or that this potential confusion substantially affected the jury's decision.

The court made an error, but quickly corrected it. The result was that the jury heard one of SMOB's supposed reasons for firing Roberts one day later, and through a different witness, than SMOB had planned. SMOB has failed to show that this substantially affected the trial's outcome. Thus, we AFFIRM the district court.